**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

CYNTHIA PAYTON

VERSUS

TOWN OF MARINGOUIN, ET AL.

CIVIL ACTION

NO. 18-563-JWD-EWD

## *SUA SPONTE* ORDER OF DISMISSAL AND ON JURISDICTION

**I.    Introduction**

This matter comes before the Court *sua sponte* following the Court's June 21, 2021, *Ruling and Order*, (Doc. 118), on the pending motions for summary judgment in this case, (Docs. 87, 100, 102, 103). In short, the Court granted the motions in part and denied them in part. (Doc. 118 at 79.)

More specifically, the motions were granted in that all federal claims asserted by Plaintiff Cynthia Payton ("Plaintiff") against all defendants were dismissed, except those against *pro se* defendants Edward James ("James") and Dwayne Bourgeois ("Bourgeois"), who did not join in the motions. (*Id.* at 79–80.) The Court also denied the motion without prejudice as to all state law claims pending the determination of certain issues. (*Id.*) Pursuant to Federal Rule of Civil Procedure 56(f)(1), the Court gave Plaintiff fourteen (14) days to address why the federal claims against James and Bourgeois should not be dismissed for the same reasons why the Court dismissed the federal claims against the similarly situated defendants RJ's Transportation, LLC, ("RJ's") and Patrick Ventress ("Ventress"). (*Id.* at 2, 79.) The Court also advised the parties that, if James and Bourgeois were dismissed (and thus if all federal claims were dismissed), it was

JURY

highly likely the Court would decline to exercise supplemental jurisdiction over the remaining state law claims. (*Id.* at 79.)

The Court now turns to the federal claims against James and Bourgeois and to the jurisdictional analysis highlighted above. The Court will address each in turn.

## II. Federal Claims against James and Bourgeois

Over fourteen (14) days have elapsed since the Court's *Ruling and Order*. (Doc. 118.) To date, Plaintiff has filed no response regarding James and Bourgeois. Thus, Plaintiff has waived any opposition to their dismissal. *See Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021) (deGravelles, J.) (collecting authorities on waiver). Even without any waiver, the Court finds that the claims against James and Bourgeois should be dismissed, for all the reasons given in the Court's prior ruling as to RJ's and Ventress. (*See* Doc. 118 at 73–76.) Thus, the federal claims against James and Bourgeois will be dismissed.

## III. Jurisdictional Analysis

"With all federal claims having been dismissed . . . , the Court will now 'look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity' to decide whether to exercise its discretion to 'relinquish jurisdiction over pendent state law claims.' " *Conway v. Louisiana Through DPS&C*, No. 18-33, 2021 WL 357357, at *1 (M.D. La. Feb. 2, 2021) (deGravelles, J.) (quoting *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (noting that "no single factor is dispositive") and *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors))). "The Court is also instructed to guard against improper forum manipulation, though that does not appear to be a factor here."

*Id.* (cleaned up). "The Court must 'consider and balance each of the factors to determine' how to exercise its discretion." *Id.* (quoting *Enochs*, 641 F.3d at 159 (citing *Mendoza*, 532 F.3d at 346)).

"The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* (citing *Enochs*, 641 F.3d at 159 (citing 28 U.S.C. § 1367(c))). Here, those factors weigh strongly in favor of declining to exercise supplemental jurisdiction. The state law malicious prosecution claim appears complex and was the subject of a disputed motion for partial summary judgment. (*See* Docs. 87, 90, 96.) "[T]he second and third factor weigh strongly against retaining jurisdiction, as the 'state law claims predominate over the non-existent federal claims' and this court 'dismissed all federal claims' " *Conway*, 2021 WL 357357, at *1(quoting *Enochs*, 641 F.3d at 159). "Neither party cites to a compelling reason for declining jurisdiction, so the fourth factor is neutral." *Id*. (citing *Taplette v. LeBlanc*, No. 19-448, 2020 WL 1979652, at *3 (M.D. La. Apr. 7, 2020), *report and recommendation adopted*, No. 19-448, 2020 WL 1978363 (M.D. La. Apr. 24, 2020)). Thus, three of the four factors weigh in favor of declining jurisdiction (and two heavily so); consequently, "the statutory factors weigh strongly in favor of declining jurisdiction." *See id.* (reaching this conclusion when only the second and third factors weighed "strongly against retaining jurisdiction")).

"The Court now turns to the common law factors of 'judicial economy, convenience, fairness, and comity.' " *Id.* at *2. "These considerations include whether extensive or substantive motions have been filed and/or ruled on, whether a scheduling order has been issued, whether hearings have been held, the relative convenience of the relevant state and federal courthouses,

and whether it will prejudice either party to have the state law claims heard in state court." *Id.* (quoting *Pullins v. Hancock Whitney Bank*, No. 19-00006, 2021 WL 96246, at *12 (M.D. La. Jan. 11, 2021) (Dick, C.J.) (citing *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 749 (5th Cir. 2014))).

Here, the common law factors weigh in favor of declining to exercise supplemental jurisdiction. Though the Court has ruled on the above dispositive motions, the Court has yet to substantively rule on any motion for summary judgment dealing with any state law claims. In fact, "there is no indication that the district court had any 'substantial familiarity' or was intimately familiar with the [Louisiana] state law claims[.]" *Id.* (quoting *Enochs*, 641 F.3d at 159–160) (quoting *Parker v. Parsley Petro. Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992))) Further, no pretrial conference or hearing has been held; indeed, the pretrial conference is over a month away, and the trial date is two (2) months away. There is also no indication that this federal forum is more convenient than the state forum, and there is no reason why either side will be materially prejudiced by having these claims heard in state court. And, as another section of this Court stated, "considering the docket backlog created in this Court by the COVID-19 pandemic, the Court finds that the best use of judicial resources for this Court and the state court is to have the state court preside over a purely state law claim." *Id*. (quoting *Pullins*, 2021 WL 96246, at *12). Lastly, like this Court's finding in *Conway*:

> The other common law factors also weigh in favor of sending this case to state court. Second, concerning convenience, "as the judicial economy factor suggests," pursuing the case in state court "would not [ ] cause[ ] any financial inconvenience to the parties because they would not have had to duplicate any of their previous efforts or expenses." *Enochs*, 641 F.3d at 160 (citing *Mendoza*, 532 F.3d at 347). . . . "Third, it [would] certainly [be] fair to have [ ] the purely [Louisiana] state law claims heard in [Louisiana] state court, and there is nothing to indicate that either party would have been prejudiced by" sending this case to Louisiana state court. *Id*. (citing

*Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588 (5th Cir. 1992)). "And fourth, comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.' " *Id.* (quoting *Parker & Parsley*, 972 F.2d at 588–89). Thus, as in *Enochs*, "[t]he convenience, fairness, and comity factors each certainly favors remand, and the overall balance of the common law factors weighs heavily in favor of remand." *Id.*

*Conway*, 2021 WL 357357, at *2.

*Conway* also concluded with the final reasons for declining to exercise supplemental jurisdiction in this case:

> Ultimately, "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated." *Id.* at 161 (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999)). But:
>
>> "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley*, 972 F.2d at 585 (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *see Carnegie–Mellon*, 484 U.S. at 351, 108 S. Ct. 614 (noting that when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction"); *Gibbs*, 383 U.S. at 726, 86 S. Ct. 1130 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Brookshire Bros.*, 554 F.3d at 602 (noting that "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial"); *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court"). Indeed, the Supreme Court has for nearly half a century cautioned federal courts to avoid "[n]eedless decisions of state law[.]" ...*Gibbs*, 383 U.S. at 726, 86 S. Ct. 1130.

> *Id.* Under these circumstances, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, and they are dismissed without prejudice.

*Id.* at *3. For these and all the above reasons, the Court will follow the same course in this case.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that, pursuant to Federal Rule of Civil Procedure 56(f)(1), all federal claims asserted against defendants Edward James and Dwayne Bourgeois by Plaintiff Cynthia Payton are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and these claims are **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that all pending deadlines, including the pretrial conference and trial, are **CANCELLED**; and

**IT IS FURTHER ORDERD** that judgment shall be entered in this case.

Signed in Baton Rouge, Louisiana, on <u>July 8, 2021</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**