UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CYNTHIA PAYTON                                          C.A. NO.: 18-563-JWD-EWD

VERSUS

TOWN OF MARINGOUIN, ET AL.

### REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION ON BEHALF OF HOSEA ANDERSON, TERRANCE DAVIS AND THE TOWN OF MARINGOUIN

Hosea Anderson, Terrance Davis, and the Town of Maringouin ("Defendants") submit this reply memorandum in support of their motion for reconsideration. (Doc. 123). The Plaintiff's arguments in opposition to the Defendants' motion are unconvincing for two fundamental reasons.

First, the Plaintiff's argument is internally inconsistent. On the one hand, Plaintiff argues that the Defendants won't have to duplicate effort in briefing the state law claims because they have already done so and won't have to repeat the same work in state court. On the other hand, Plaintiff argues that the state law claims are "not as simple and routine as Defendants claim. The Court's analysis of the federal claims cannot easily be extended to the state law claims."[1] Plaintiff can't have it both ways. If the state law issues have been briefed already, the Plaintiff offers no reason why they should not be

---

[1] Doc. 129, p. 3. Plaintiff's Memorandum in Opposition to Motions for Reconsideration.

heard and decided by this Court. And, as pointed out in Defendants' original memorandum, the state law claims asserted by Plaintiff are not novel or complex.

The Plaintiff also claims that "the federal law of res judicata" applies "when appropriate,"[2] citing *Reeder v. Succession of Palmer*.[3] *Reeder* is inapposite. In *Reeder*, the plaintiff sued under federal and state securities law, but did not assert other state law claims. The federal court dismissed all claims (federal and state) under Federal Rule of Civil Procedure 12(b)(6). When the plaintiff brought a state court suit asserting state securities law claims and other state claims,[4] the Louisiana Supreme Court applied the principles of res judicata to the state law claims that the plaintiff did not assert in federal court but could have. The federal court in *Reeder* did not decline jurisdiction as this Court has done. Where jurisdiction is declined, res judicata would not apply. *Reeder* would be relevant if this Court dismissed Plaintiff's state law claims and then she filed a new state court petition asserting new legal theories omitted from the federal suit but based on the same facts.

*Stripling v. Jordan Production Co., LLC,*[5] also cited by Plaintiff, emphasizes the inconsistency in Plaintiff's argument. Stripling identifies the three elements of federal collateral estoppel as (1) the issues at stake being identical, (2) the issue must have

---

[2] Doc. 129, p. 3.
[3] 623 So. 2d 1268 (La. 1993).
[4] After plaintiff's federal court suit was dismissed, with prejudice for failure to state a claim, he filed a state court action asserting not only state security law claims but also state contract, tort and unfair trade practices claims.
[5] 234 F.3d 863 (5th Cir. 2000).

actually been litigated, and (3) the decision in the first action was a necessary part of the judgment in that action. Presumably, the Plaintiff is arguing that *Stripling* supports her argument that the issues raised by the state law claims will not have to be relitigated or briefed because they are identical and were already litigated. However, the Plaintiff also argues that the state law claims are "substantially different from federal law."[6] If the state claims are so different, then *Stripling* doesn't apply and the argument that Defendants will not have to brief the state law issues must fail.

Second, none of the cases Plaintiff cites in support the proposition that the state law claims are unique, complex or "substantially different from federal law. None of the cases Plaintiff cites address the fact that all of the state law claims are premised on the absence of probable cause, which this Court found existed,[7] and the standard for probable cause is the same under both federal and state law. *See United States v. Melancon*[8] ("Probable cause is deemed to exist 'where the facts and circumstances within the affiant's knowledge, and of which he has reasonable trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an

---

[6] Doc. 129, p. 4.

[7] In its Ruling and Order on Defendants' motions for summary judgment, the Court stated: "In sum…the moving defendants are correct that there is probable cause to arrest from the statement and affidavit of Ventress… This probable cause is fatal to Plaintiff's arrest claim…" (Doc. 118, p.35). Later in the Ruling and Order, the Court stated: "In sum, there was probable cause to support Plaintiff's arrest." (Doc. 118, p. 42).

[8] 462 F.2d 82, 89 (5th Cir. 1972)(citing United State v. Rich, 407 F.2d 934, 936 (5th Cir. 1969)), *cert denied*, 409 U.S. 1038 (1972).

offense has been or is being committed.'") and *State v. Collins*,[9] ("Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense.")

*State v. Jackson*,[10] cited by Plaintiff for the proposition that the Louisiana Constitution "is not merely coextensive with the U.S. Constitution,"[11] makes clear that the Louisiana Constitution's "greater protection" only applies in "some circumstances."[12] *Jackson* does NOT say that the standard for probable cause under Louisiana law is any differently than that under the Fourth Amendment. The remaining cases cited by Plaintiff don't change the fact that the summary judgment evidence submitted by the Defendants established, and the Court found, the presence of probable cause.

Based on the foregoing, the reasons stated in the Defendants' memorandum in support of their Motion for Reconsideration, and the reasons set forth in the RJ's Defendants' reply memorandum[13] which are adopted herein by Defendants, the Court should grant the motions for reconsideration and exercise its supplemental jurisdiction over the Plaintiff's state law claims.

---

[9] 378 So.2d 928 (La. 1979).
[10] 764 So.2d 64 (La. 2000).
[11] Doc. 129, p.4.
[12] 764 So.2d at 70-71.
[13] Doc. 131.

Respectfully Submitted,

/s/Bradley C. Myers
Bradley C. Myers (#1499)
Brad.Myers@keanmiller.com
Katie D. Bell (#29831)
Katie.Bell@keanmiller.com
Amanda M. Collura-Day (#33777)
Amanda.Collura-Day@keanmiller.com
KEAN MILLER LLP
II City Plaza, 400 Convention Street, Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Fax: (225) 388-9133

*Attorneys for Hosea Anderson and Terrance Davis*

And

/s/ J. Scott Thomas
J. Scott Thomas (La. Bar Roll No. 22635)
700 North 10th Street, Suite 440 (70802)
Post Office Box 4327
Baton Rouge, Louisiana 70821
Telephone: (225) 344-5001
Facsimile: (225) 336-5277
Email: sthomas@lma.org

*Counsel for the Town of Maringouin*

*4850-6234-3670 v1*