UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CYNTHIA PAYTON

CIVIL ACTION

VERSUS

NO. 18-563-JWD-EWD

TOWN OF MARINGOUIN

RULING AND ORDER

This matter comes before the Court on two motions.  The first is *Hosea Anderson, Terrance Davis and the Town of Maringouin's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e)* (Doc. 123).  The second is the *Motion for Reconsideration of Supplemental Jurisdiction (R. Docs. 119 and 120)* (Doc. 124) filed by Defendants, RJ's Transportation, LLC and Patrick Ventress (Anderson, Davis, the Town of Maringouin, RJ's Transportation, LLC and Ventress are, collectively, "Moving Defendants").  Plaintiff Cynthia Payton opposes the motions, (Doc. 129), and Moving Defendants have filed separate reply briefs, (Docs. 131, 132).  Oral argument is not necessary.  The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Moving Defendants' motion is denied.

I.      Relevant Background and Parties' Arguments

On June 21, 2021, this Court issued a ruling on four pending motions for summary judgment. (Doc. 118.)  In short, the Court dismissed all pending federal claims against Moving Defendants and denied without prejudice the motions with respect to the state law claims. (*Id.* at 79–80.) The Court gave Plaintiff an opportunity to brief why the federal claims against two non-moving defendants, Edward James and Dwayne Bourgeois, should not be dismissed for the same reasons given in the Court's *Ruling and Order*. (*Id.* at 80). Plaintiff did not brief the issue, and the

Court entered a *sua sponte* order dismissing the non-moving defendants and declining to exercise supplemental jurisdiction over all state law claims. (Doc. 119.)  Judgment was then entered. (Doc. 120.)

Moving Defendants now file the above motions for reconsideration. (Docs. 123, 124.)  In sum, they argue that, because the Court already ruled that there was probable cause for Plaintiff's arrest, all state law claims necessarily fall.  Moving Defendants further contend that the statutory and common law factors identified in the Court's *sua sponte* order (Doc. 119) all weigh in favor of retaining jurisdiction over the state law claims.

Plaintiff opposes the motion.  She maintains, *inter alia*, that Moving Defendants will suffer no real prejudice (or at least, no more prejudice than any other case where the Court declines to exercise supplemental jurisdiction), that Defendants will not need to duplicate resources, that Plaintiff herself is prejudiced, that the analysis of the state law claims differs from that of the federal claims, and that Moving Defendants have not shown that the Court abused its discretion.

Moving Defendants reply by reiterating that Plaintiff's state law claims fall on probable cause.  Further, they assert, among other arguments, that Plaintiff's position is inconsistent; Plaintiff's state law claims cannot simultaneously be so unique as to warrant separate consideration by the state court but so similar as to avoid duplication of resources.

II.    **Law and Analysis**

"Because [Moving Defendants'] motion 'calls into question the correctness' of the judgment, [the Court] consider[s] it under Rule 59(e)." *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002))). "Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of

law or fact or to present newly discovered evidence.' " *Id.* (quoting *Templet*, 367 F.3d at 478 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989))). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (quoting *Templet*, 367 F.3d at 479 (citation omitted)).

Having carefully considered the matter, the Court will deny Moving Defendants' motion The Court agrees with Plaintiff that the framework for analyzing the state law claims is sufficiently different to warrant remanding this case to state court for separate consideration. For example, the Court dismissed Plaintiff's federal malicious prosecution claim because "[t]here is no freestanding right under the Constitution to be free from malicious prosecution." (Doc. 118 at 32 (quoting *Anokwuru v. City of Hous.*, 990 F.3d 956, 964 (5th Cir. 2021)).) A state court malicious prosecution claim will certainly not fall on that ground.

The Court also concurs with Plaintiff that Moving Defendants largely focus on prejudice to themselves without looking at the factors analyzed by the Court as a whole. Moving Defendants concede that two of four statutory factors weigh in favor of remand, (Doc.123-1 at 9), and the Court finds that it properly weighed the common law factors, as quoted by Plaintiff in her opposition memorandum, (Doc. 129 at 6–7 (quoting Doc. 119 at 4).)

Lastly, the Court disagrees with Defendants that Plaintiff's position is inconsistent; the fact that there is some overlap in discovery does not preclude the possibility that Plaintiff's state law theories differ from her federal theories, or that Moving Defendants will have already engaged in such discovery in preparation for the summary judgment motions.

Ultimately, Moving Defendants may disagree with the Court's result, but they have not shown that the Court abused its discretion in weighing the statutory and common law factors. (*See*

Doc. 119 at 2–6.)  Nor have they demonstrated that the Court erred to such a degree as to commit

a "manifest error of law or fact." *Allen*, 721 F. App'x at 328.

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that *Hosea Anderson, Terrance Davis and the Town of Maringouin's*

*Motion for Reconsideration under Federal Rule of Civil Procedure 59(e)* (Doc. 123) and the

*Motion for Reconsideration of Supplemental Jurisdiction (R. Docs. 119 and 120)* (Doc. 124) filed

by Defendants, RJ's Transportation, LLC and Patrick Ventress are **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>October 5, 2021</u>.


_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**